**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

JAMES A. BEDDINGFIELD,

       Plaintiff,

v.                                       CASE NO. 2:10-CV-00264-FtM-36DNF

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____/

## ORDER

    This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge Douglas N. Frazier (Doc. 24), filed on August 8, 2011.  Neither party filed an objection to the Report and Recommendation, and the time to do so has expired.  After conducting a de novo examination of the file and upon due consideration of Magistrate Judge Frazier's Report and Recommendation, the Court accepts the Report and Recommendation in its entirety.

## BACKGROUND

    On April 30, 2010, James A. Beddingfield ("Plaintiff") filed a Complaint seeking review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("the Commissioner" or "Defendant"), denying his claim for Supplemental Security Income.  (Doc. 1).  On July 16, 2010, Defendant filed an Answer to the Complaint.  (Doc. 11).   Subsequently, the parties filed legal memoranda addressing the issues for review (Docs. 14, 17, 22).

## ANALYSIS

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford*, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm so long as the decision reached is supported by substantial evidence. *Crawford*, 363 F.3d at 1158–59. The Court does not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision. *Dyer*, 395 F.3d at 1210; *Shinn ex rel. Shinn v. Commissioner of Social Security*, 391 F.3d 1276, 1282 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## DISCUSSION

The Court agrees with the Magistrate Judge in finding that the Administrative Law Judge ("ALJ") failed to give sufficient weight to the opinions of Plaintiff's treating physicians and the testimony of Plaintiff's father. The opinions of Plaintiff's treating physicians should have been given substantial weight in determining disability. *See Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1985). Here, the ALJ failed to evaluate and discuss what, if any, weight was given to the treating physicians' opinions. Similarly, the testimony and opinions of Plaintiff's father should have been given weight as a lay witness. *See Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). As the

primary caretaker of Plaintiff for at least 15 years, Plaintiff's father's testimony regarding the subjective cognitive impairments of his son should have been afforded additional weight by the ALJ.

The Court further agrees with the Magistrate Judge in finding that substantial evidence of record does not support the Administrative Law Judge's Residual Functional Capacity Assessment ("RFC"). The evidence in the record supports multiple non-exertional limitations of Plaintiff, which must be taken into consideration when formulating Plaintiff's RFC. *See Mulholland v. Astrue*, 2008 WL 687326 at *19 (N.D.Ga. Mar. 11, 2008). In evaluating the multiple non-exertional impairments, it is apparent that Plaintiff's RFC is more restricted than that established by the ALJ. As such, the Court finds that there is a reasonable possibility that a proper analysis of Plaintiff's non-exertional impairments would change the administrative results.

Moreover, in cases where non-exertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but is encouraged to introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that claimant can perform. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ's finding that Plaintiff is capable of performing the full range of light work is undermined by the numerous non-exertional impairments that Plaintiff suffers from. Accordingly, the ALJ should have requested vocational expert testimony to provide information as to how these non-exertional limitations relate to the potential jobs that Plaintiff may perform.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.     The Report and Recommendation of the Magistrate Judge (Doc. 21) is **ADOPTED, CONFIRMED** and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2.      The Decision of the Commissioner of Social Security is reversed and this case is **REMANDED** pursuant to 42 U.S.C. § 405(g) to: (1) allow the Commissioner to conduct a hearing to consult with and elicit testimony from a vocational expert to properly consider the limitations, if any, of Plaintiff performing light work on a regular and sustained basis and determine the availability of suitable alternative jobs in the local and national economy and (2) to further reconsider Plaintiff's claims in light of the physicians who treated Plaintiff and to take additional evidence relevant to Plaintiff's mental impairments.

3.      The Clerk is directed to enter judgment accordingly and close this file.

**DONE AND ORDERED** at Ft. Myers, Florida, on August 31, 2011.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

COPIES TO:
COUNSEL OF RECORD